United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIANNE A. THEODULE,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE MERCURY,<br><br>    Defendant. | Case No. 17-cv-05581-DMR<br><br>**ORDER GRANTING DEFENDANT BLUEMERCURY, INC.'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Pro se Plaintiff Fabianne A. Theodule filed the instant Title VII employment discrimination action against Defendant Bluemercury, Inc. ("Bluemercury"), alleging retaliation and discrimination on the basis of color, race, and sexual orientation. Bluemercury now moves to dismiss Ms. Theodule's complaint as time-barred under Federal Rule of Civil Procedure 12(b)(6). [Docket No. 12]. Ms. Theodule opposes. [Docket No. 26]. This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the court grants Bluemercury's motion and dismisses the complaint without prejudice.

**I.    BACKGROUND**

Ms. Theodule is a gay Haitian American woman who worked for Bluemercury as an esthetician. On March 23, 2017, she filed a charge of discrimination with the EEOC, alleging that Bluemercury discriminated against her on the basis of color, race, and sexual orientation when her supervisors, who were white, failed to promote her. Charge of Discrimination (Complaint ("Compl.") at ECF-pp. 10-11) [Docket No. 1]; *see also* Fed. R. Civ. P. 10(c) (exhibits attached to the complaint are part of the complaint). On May 3, 2017, the EEOC mailed her a right-to-sue letter. Notice of Right to Sue (Compl. at ECF-p.9). The right-to-sue notice advised her that she had 90 days from receipt of the letter to file a lawsuit. *Id*. Ms. Theodule received the right-to-sue letter, but does not allege when she received it. On September 26, 2017, she filed this lawsuit

against Bluemercury, attaching the EEOC charge and right-to-sue letter. Compl.

On March 1, 2018, Bluemercury filed a motion to dismiss the complaint as untimely. [Docket No. 12]. Ms. Theodule did not file an opposition. [Docket No. 19]. On April 4, 2018, the court ordered her to show cause in writing explaining the failure to file an opposition. [Docket No. 19]. Ms. Theodule did not file a response to the order to show cause.

On April 18, 2018, the court held a case management conference, which Ms. Theodule attended. [Docket No. 25]. At the conference, the court ordered her to file an opposition by May 9, 2018. *Id*. Ms. Theodule filed an opposition. [Docket No. 26]. As discussed below, she argued that she was entitled to equitably toll the statute of limitations for various reasons. *Id*. Because the court needed additional information to assess her equitable tolling argument, on August 2, 2018, it ordered Ms. Theodule to file a declaration signed under penalty of perjury substantiating the assertions in the opposition by August 13, 2018. Order to Submit Supplemental Evidence and Briefing ("Supplemental Briefing Order") [Docket No. 29]. The court served the Supplemental Briefing Order by mail to Ms. Theodule's current address on file, 112 Columbus Ave. San Francisco, CA 94133. Certificate of Service [Docket No. 29-1]. Ms. Theodule did not file supplemental evidence.

On August 15, 2018, the envelope containing the Supplemental Briefing Order was returned to the court as undeliverable. [Docket No. 30]. Ms. Theodule has not notified the court of a change of address as required by Local Rule 3-11.[1] As a result, the court will adjudicate the merits of the motion on the record as it currently stands.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

---

[1] Local Rule 3-11 provides, in relevant part, that "a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." Civ. L.R. 3-11(a). It also authorizes the court to dismiss the complaint without prejudice when mail directed to a pro se party has been returned to the court as undeliverable. Civ. L.R. 3-11(b).

2

of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

## III. DISCUSSION

Bluemercury moves to dismiss the complaint as time-barred because Ms. Theodule did not file it within 90 days of receiving the EEOC right-to-sue letter. Bluemercury argues that Ms. Theodule is presumed to have received the letter within three days of the date of its mailing, and bases its calculation of the 90-day statute of limitations from that presumed receipt date. Ms. Theodule argues that she did not receive the letter on the presumed receipt date, but she does not provide the specific date of receipt. She asserts that she received the letter "months later," and filed the lawsuit as soon as she received it. She contends that she is entitled to equitable tolling of the statute of limitations.

### A. Title VII 90-day Statute of Limitations

Title VII requires a plaintiff to file a charge of discrimination with the EEOC prior to filing a lawsuit. *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). If the EEOC dismisses the charge, the plaintiff must file a civil action within 90 days of the dismissal of the charge. 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the [EEOC] . . . is dismissed by the [EEOC], . . .the [EEOC or other authorized entity] shall so notify [the claimant] and within ninety days after the giving of such notice a civil action may be brought . . . ."). The 90-day period "operates as a limitations period." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (citing *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992)). If the civil action is not filed within 90-day period, "then [it] is time-barred." *Payan*, 495 F.3d at 1121.

The 90-day period runs from the "date which a right-to-sue [] letter arrive[s] at the [plaintiff's] address," or the date of receipt of the right-to-sue letter. *Id.* at 1122. If the receipt date is known, the plaintiff is deemed to have received the right-to-sue letter on that date, regardless of whether the plaintiff actually saw the letter. *See Scholar*, 963 F.2d at 267 ("The language of the statute establishes the 90–day period as running from the 'giving of such notice' rather than from the date claimant actually 'receives' notice in hand.") (quoting 42 U.S.C. § 2000e-5(f)(1)); *Nelmida*, 112 F.3d at 384 (holding that the 90-day period ran from the date of the post office's first attempted delivery of the right-to-sue letter). If the receipt date is unknown, there is a presumption that the plaintiff received the right-to-sue letter three days after the letter was mailed. *Payan*, 495 F.3d at 1125; *Rhodes v. Raytheon Co.*, 555 F. App'x 665, 667 (9th Cir. 2014) ("If a recipient is not sure when the notice arrived, we presume both that it was mailed on its date of issue and that it arrived three days later, including weekends.") (citing *Payan*, 495 F.3d at 1123-26). This presumption is "rebuttable." *Payan*, 495 F.3d at 1126; *see also Dandino, Inc. v. U.S. Dep't of Transp.*, 729 F.3d 917, 922 (9th Cir. 2013) (discussing three-day rebuttable presumption rule in Title VII cases).

In order to rebut the three-day presumption, "the plaintiff must show that she did not receive the EEOC's right-to-sue letter in the ordinary course." *Payan*, 495 F.3d at 1126. A

plaintiff can do so by submitting corroborating evidence or testimony. *Payan*, 495 F.3d at 1126-27 (discussing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996)); *see also Sherlock*, 84 F.3d at 526 ("If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive."). Absent corroborating evidence, testimony must be "sufficiently definite . . . to conclude that the right-to-sue letter arrived more than three days after issuance by the EEOC." *Payan*, 495 F.3d at 1127 (finding that plaintiff's general assertions that the right-to-sue letter could have been delayed in the mail and the EEOC might not have mailed the letter on the date of issuance "[were not] sufficiently definite, without corroborating evidence to conclude that the right-to-sue letter arrived more than three days after issuance by the EEOC").

Here, the right-to-sue notice was mailed on May 3, 2017. Notice of Right to Sue. Since the letter's receipt date is unknown, the three-day presumption applies. *Payan*, 495 F.3d at 1125. Applying the three-day presumption, Ms. Theodule is presumed to have received the letter on May 8, 2017 unless she can rebut that presumption.[2] *Id.* If she cannot rebut the presumption, the 90-day statute-of- limitations began on May 8, 2017 and ended on August 7, 2017.[3] *Payan*, 495 F.3d at 1122. Since Ms. Theodule filed the complaint on September 26, 2017, her action is untimely.

Ms. Theodule attempts to rebut the presumption by arguing that she did not receive the right-to-sue letter until "months later." Opp'n at 1. Her unverified statement is not "sufficiently definite" to conclude that the right-to-sue letter arrived after May 8, 2017. *Payan*, 495 F.3d at

---

[2] Saturday May 6, 2017 is the third day after May 3, 2017. Therefore, the presumed receipt date is Monday, May 8, 2017. *See, e.g., Hill v. Grade*, No. 18-CV-01474-HSG, 2018 WL 4027022, at *2 (N.D. Cal. Aug. 21, 2018) (applying Fed. R. Civ. P. 6(a)(1)(C) to calculate presumed receipt date of right-to-sue letter when the third day fell on a Sunday); Fed. R. Civ. P. 6(a)(1)(C) (When the last day of a period falls on a weekend or legal holiday, the "period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[3] Sunday August 6, 2017 is the 90th day after May 8, 2017. Therefore, the 90-day deadline is Monday, August 7, 2017. *See, e.g., Brown v. Good Samaritan Hosp.*, No. CV04-10500 CBM (VBKx), 2006 WL 4725714, at *2 (C.D. Cal. Mar. 24, 2006) (Where the 90-day deadline fell on Sunday, December 26, 2004, the "[Title VII] complaint was timely filed on December 27, 2004 (Monday).") (citing Fed. R. Civ. P. 6(a)).

1127. Ms. Theodule does not identify the actual date she received the right-to-sue letter. Although the court ordered her to provide this date in a sworn declaration, she failed to do so. *See* Suppl. Briefing Order (ordering Ms. Theodule to file a declaration identifying the date or approximate date she received the EEOC right-to-sue letter). Accordingly, the court finds that Ms. Theodule has failed to provide sufficient evidence to rebut the three-day presumption.

Because Ms. Theodule has failed to rebut the presumption, the court presumes that she received the right-to-sue letter on May 8, 2017, and finds that the 90-day statute-of-limitations expired on August 7, 2017. Because Ms. Theodule did file the complaint until September 26, 2017, her action is time-barred unless she is entitled to equitable tolling.

### B. Equitable Tolling

The 90-day statute-of-limitations is "subject to the doctrine of equitable tolling." *Nelmida*, 112 F.3d at 384 (citing *Scholar*, 963 F.2d at 266-67). However, the doctrine is applied "sparingly." *Nelmida*, 112 F.3d at 384 (citing to *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), as amended (Mar. 22, 1999) ("Equitable tolling applies . . . when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."). The Ninth Circuit has noted that the Supreme Court has "allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate." *Scholar*, 963 F.3d at 268 (citing *Irwin*, 498 U.S. at 111 and *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam)). Accordingly, "[c]ourts have been generally unforgiving . . . when a late filing is due to [the] claimant's failure to 'exercise due diligence in preserving his [or her] legal rights.'" *Scholar*, 963 F.3d at 268 (quoting *Irwin*, 498 U.S. at 96).

Ms. Theodule advances three grounds for equitable tolling: mail forwarding delays; misrepresentations by the EEOC; and her status as a pro se litigant. None are persuasive.

Ms. Theodule first argues that she is entitled to equitable tolling based on a delay in forwarding the right-to-sue letter to her new address, which was "out of [her] control." In the opposition, she explains that she moved to San Francisco from San Pablo, and began having the

6

mail forwarded to the San Francisco address at an unidentified date. Opp'n at 1. At another unidentified date, she e-mailed the EEOC asking for the right-to-sue letter. *Id*. According to Ms. Theodule, the EEOC told her that it already mailed the letter, and she had to wait for it to be forwarded to her new address. *Id*. She asserts that the letter did not arrive until months later due to a delay in mail forwarding.

Even assuming that her assertions are true, and that she received the letter "months" later, (presumably after the expiration of the 90-day statute-of-limitations), Ms. Theodule admits that she did not contact the EEOC until after it had already mailed the letter to her old address. The EEOC regulations provide, in relevant part, that claimants have the "responsibility to provide the [EEOC] with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the [EEOC's] consideration of the charge." 29 C.F.R. § 1601.7(b). Courts generally decline to find the 90-day period equitably tolled where the plaintiff has failed to promptly notify the EEOC of a change of address prior to the issuance of a right-to-sue letter. *See Nelmida*, 112 F.3d at 386 (no equitable tolling because the plaintiff was "not diligent in insuring that she receive the right-to-sue notice from the EEOC;" the plaintiff gave the EEOC an address where she did not reside and often did not receive the mail sent to this address, among other reasons); *see also St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1317 (7th Cir. 1984) (Because the "plaintiff's failure to tell the EEOC that he had moved was not an event beyond his control," the Seventh Circuit held that the 90-day limit "began running on the date the notice was delivered to the most recent address plaintiff provided.") (discussed in *Nelmida*, 112 F.3d at 382-83). The record is devoid of facts from which the court could infer that Ms. Theodule acted promptly to notify the EEOC of her change of address. Therefore, she is not entitled to equitable tolling on this basis.

She next argues that her untimely filing should be excused because a person at the EEOC told her that she had 2 years in which to file a federal lawsuit. Opp'n at 1. "An equitable exception to the exhaustion requirement is available when an EEOC representative misleads the plaintiff concerning his claim." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2005). In order to harbor within this exception, Ms. Theodule must show that she "(1) diligently pursued

7

1 [her] claim; (2) was misinformed or misled by the administrative agency responsible for
2 processing [her] charge; (3) relied in fact on the misinformation or misrepresentations of that
3 agency, causing [her] to fail to exhaust [her] administrative remedies; and (4) was acting pro se at
4 the time." *Josephs*, 443 F.3d at 1061. Ms. Theodule has failed to demonstrate that this equitable
5 exception applies. She has not submitted any evidence to substantiate what the person at the
6 EEOC told her, despite being ordered to do so. Suppl. Briefing Order at 1-2 (ordering Ms.
7 Theodule to file a sworn declaration identifying the "date the EEOC told her that she had 2 years
8 to file her lawsuit, which person at the EEOC told her this information, what the person said, and
9 how this information was communicated to her (e.g., by phone or e-mail, etc.)"). Even assuming
10 her statements are true, she fails to show reliance. She does not assert that she actually relied on
11 the alleged misrepresentation about the statute-of-limitations in filing an untimely lawsuit.

12 Ms. Theodule also argues that she was unaware of the 90-day statute of limitations. Her
13 ignorance of the law due to her pro se status is not a basis for equitable tolling. *See Gray v.
14 Shinseki*, No. C-12-03109 JCS, 2013 WL 1891387, at *2-3 (N.D. Cal. May 6, 2013) ("A
15 plaintiff's pro se status does not mean she should be treated differently than a plaintiff represented
16 by counsel.") (citing *Payan*, 495 F.3d at 1127); *Payan*, 495 F.3d at 1127 ("Payan's pro se status
17 does not afford her different treatment under these standards.").

18 Therefore, the court finds that Ms. Theodule has not demonstrated that she is entitled to
19 equitable tolling.

## IV. CONCLUSION

In conclusion, the court grants Bluemercury's motion and dismisses the complaint without prejudice.

**IT IS SO ORDERED.**

Dated: August 29, 2018



Donna M. Ryu
United States Magistrate Judge

8